ON MOTION FOR REHEARING
COBB, Judge.
The State, as cross-appellant, contends that the trial court erred in finding that section 775.084, Florida Statutes (the habitual offender statute), does not apply to first-degree felonies punishable by life imprisonment, in this instance two counts of robbery with a firearm. The trial court had found Ackers to be a habitual offender in regard to a third count in that case (aggravated battery) and in regard to a companion case (resisting an officer with violence) and sentenced him accordingly for those offenses. However, on the two robbery counts, the trial court imposed ten-year terms of straight probation.
As to the probation, the state relies on our opinion in State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA 1992), and urges that a grant of straight probation is an illegal sentence when imposed on a defendant who has been determined to be a habitual felony offender. In Kendrick, we held that section 775.084 by its terms mandates a sentence “for a term of years.” Probation is not a sentence. Kendrick at 1154. Moreover, says the State, the orders granting probation represent downward departures from the sentencing guidelines without written reasons therefor.
We hold that a first-degree felony punishable by a term of years not exceeding life imprisonment is subject to an enhanced sentence of life imprisonment pursuant to the provisions of the habitual felony offender statute. See Burdick v. State, 594 So.2d 267 (Fla.1992). We also agree with the state that probation is not a proper sentence for an adjudicated habitual offender, as we said in Kendrick.
Accordingly, we grant rehearing, reverse the trial court’s orders granting probation for Counts I and II of Case No. 90-9660, *568 and remand for the imposition of legal sentences in respect to those counts.
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.